IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PETER ZAVAGE, JR.,       )
                         )
     Plaintiff,          )
 v.                      )  Civil Action No. 04-0179
                         )
FLYING J INC.,           )
                         )
     Defendant.          )

MEMORANDUM ORDER

Gary L. Lancaster,
District Judge.                              July 14, 2005

       This is an action in tort. Plaintiff, Peter Zavage, Jr., is an over-the-road truck driver who suffered injuries as a result of a slip and fall accident on defendant's property on March 26, 2002. Plaintiff claims that the accident was directly and proximately caused by defendant's negligence, carelessness, and recklessness, and that defendant is therefore liable to him for damages.

       Defendant has filed a motion for summary judgment under Fed.R.Civ.P. 56(c), arguing that Ohio law applies, there are no genuine issues of material fact, and therefore, as a matter of law, it is entitled to summary judgment. Plaintiff, on the other hand, asserts that Pennsylvania law applies, and as such, there are material issues of fact. Plaintiff further argues that even

if Ohio law applies, issues of material fact remain that would preclude summary judgment. For the reasons that follow, defendant's motion will be granted.

I.   BACKGROUND

Except where indicated, the following material facts are undisputed.

On March 26, 2002, plaintiff, who was employed as an over-the-road truck driver, sustained injuries when he slipped and fell on snow and ice while walking on defendant's parking lot adjacent to defendant's "Flying J" truck stop in Beaverdam, Ohio. The fall resulted in serious injury to plaintiff's ankle, necessitating emergency surgery and the insertion of a plate and screws, as well as extended physical therapy. Plaintiff seeks damages on the basis of his physical injuries, lost wages, and the loss of enjoyment and pleasure of life, including the inability to hunt and play with his sons as a result of his injuries.

II.  STANDARD OF REVIEW

Fed. R. Civ. P. 56(c) provides that summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the pleadings, depositions, answers to interrogatories,

and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986) (internal quotation marks omitted).

The mere existence of some factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Id. at 247-48. A dispute over those facts that might affect the outcome of the suit under the governing substantive law, i.e., the material facts, however, will preclude the entry of summary judgment. Id. at 248. Similarly, summary judgment is improper so long as the dispute over the material facts is genuine. In determining whether the dispute is genuine, the court's function is not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party. Id.

III. DISCUSSION

It is on the standard discussed above that the court has reviewed defendant's motion and plaintiff's response thereto. Based on the pleadings and evidence of record, the arguments of counsel, and the briefs filed in support and opposition thereto,

the court concludes, as a matter of law, that there are no genuine disputes over any material fact. As such, summary judgment will be granted to defendant.

### A. Choice of Law

As an initial matter, prior to concluding whether there is a genuine dispute over any material fact, we must determine whether Ohio or Pennsylvania law applies to the facts of this case. Plaintiff claims that Pennsylvania law applies, while defendant claims that Ohio law applies. We determine that Ohio law applies, for the following reasons.

A federal court sitting in diversity must apply the choice of law rules of the forum state in determining which state's law to apply to the substantive issues before it. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487 (1941); Blakesley v. Wolford, 789 F.2d 236, 238 (3d Cir. 1986). As this action is brought in the United States District Court for the Western District of Pennsylvania, Pennsylvania's choice of law rules apply to this personal injury action.

In determining which state's law should be applied in a given case, Pennsylvania courts require an analysis of the policies and interests underlying the case as set forth in the Restatement (Second), commonly known as the most significant

relationship test. See Griffith v. United Air Lines, Inc., 203 A.2d 796, 805-06 (Pa. 1964), the most significant relationship test considers the following contacts:

> (a) the place where the injury occurred;
>
> (b) the place where the conduct causing the injury occurred;
>
> (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and
>
> (d) the place where the relationship, if any, between the parties is centered.

Restatement (Second) of Conflict of Laws § 145(2). Section 146 is also operative. It provides:

> In an action for a personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship . . . in which event the local law of the other state will be applied.

Id. § 146.

Thus, in applying Pennsylvania choice of law rules to determine which state's substantive law governs plaintiff's claim, this court must weigh the contacts on a qualitative scale according to their relation to the policies and interests underlying the issues in question. See Melville v. Am. Home Assurance Co., 584 F.2d 1306, 1311 (3d Cir. 1978); see also Cipolla v. Shaposka, 267 A.2d 854, 856 (Pa. 1970) (court must do

5

more than merely count the significant contacts).

An analysis of the relevant contacts demonstrates that Ohio has the most significant relationship to the issues involved in this case, and its law should be applied. The alleged negligent conduct and plaintiff's injury both occurred in Ohio. In fact, the only real connection between this set of events and the Commonwealth of Pennsylvania is that plaintiff resides in Pennsylvania. Plaintiff's place of residence does not create a "more significant relationship" in this case to overcome the presumption of applying the law of the place of the injury. Thus, Ohio has the most significant relationship to the issues involved here and we will apply Ohio's law.

B. Application of Ohio Law

For plaintiff to prevail on a negligence claim, he must establish the following:

(1) that the defendant owed him a duty,

(2) that the defendant breached that duty, and

(3) that the breach of the duty proximately caused the plaintiff's injury.

Chambers v. St. Mary's School, 697 N.E.2d 198, 200 (Ohio 1998).

Ohio case law lends substantial support to the proposition that business owners and operators do not have a duty to remove

natural accumulations of snow from walkways, nor do they have a duty to warn invitees of the dangers associated with such accumulations. Dailey v. Mayo Family L.P., 684 N.E.2d 746, 748 (Ohio Ct. App. 1996) (citing Brinkman v. Ross, 623 N.E.2d 1175 (Ohio 1986)); Lopatkovich v. Tiffin, 503 N.E.2d 154 (Ohio 1986); Sidle v. Humphrey, 233 N.E.2d 589 (Ohio 1968).

Furthermore, Ohio courts routinely grant summary judgment to defendants in cases where a plaintiff injures himself by slipping and falling on a natural accumulation of snow and/or ice, because defendant has no duty to remove such accumulations in that state. See Sellers v. Metrohealth Clement Ctr. for Family, 2004 WL 1795395 (Ohio App.); see also Coleman v. Akron Bd. of Educ., 2003 WL 23094791 (Ohio App.); Graham v. Golden Arch Realty Corp.
2003 WL 22268168 (Ohio App.).

In this case, plaintiff has presented no evidence indicating that what he slipped and fell on was anything other than a natural accumulation of snow and ice. Plaintiff testified in his deposition that on the day of his accident, no freezing rain was falling, but that "...it was more or less snow, slush, you know, just a bad wintry day." Zavage Dep., pg. 19, lines 3-4. He described the conditions in the parking lot as "[p]oor. Snow covered, just a mess, unplowed," id. at 24, line 4, and

"[i]t was just wet and snowy." Id. at 28, line 9. Through his own testimony, plaintiff described the parking lot where he fell as covered with snow and unplowed, which leads to the conclusion that the snow and slush on which he slipped was nothing more than a natural accumulation. Moreover, he presents no evidence to the contrary. Under Ohio law, defendant is entitled to summary judgment based on these facts.

Accordingly, this 14th day of July, 2005, upon consideration of defendant's motion for summary judgment, IT IS HEREBY ORDERED that defendant's motion [document #12] is GRANTED, and the Clerk of Courts is directed to mark the case closed.

BY THE COURT:

_____, J.

cc:    All Counsel of Record